

2356

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

0-6344
in so far as it conflicts

Dear Sir:

Opinion No. 0-3632
Re: Duties and compensation
of an independent school
district tax assessor and
collector.

We received your letter dated May 28, 1941, re-
questing our opinion on the following questions:

"1. Is the tax collector of an independ-
ent school district required to perform the
work set out in Article Number 7331?

"2. Is he entitled to the compensation
provided therefor?

"3. Is the compensation for assessing
taxes due and payable when the Board of Trust-
ees approves and accepts the tax roll as pre-
sented by the assessor?"

We assume that the school district in question is
incorporated for school purposes only. We also assume that
the office of tax assessor and collector is one office and
is occupied by the same person.

In connection with your first question, we quote
Article 7331, Vernon's Annotated Civil Statutes, as follows:

"For calculating and preparing redemption
certificates and receipts, reporting and credit-
ing redemption, posting Comptroller's redemption
numbers on the delinquent tax record or annual
delinquent list, mailing certificates of redemp-
tion to taxpayers after approval by the Comptroller,

and for issuing receipts or certificates of redemption for property shown on the annual delinquent list, the tax collector shall be entitled to a fee of one dollar ($1.00) for each correct assessment of land to be sold, said fee to be taxed as costs against the delinquent. Correct assessment as herein used means the inventory of all properties owned by an individual for any one year. Provided, that in no case shall the State or county be liable for said fee. For checking up and taking off delinquency, separating and assorting various tracts or each assessment, prorating the taxes thereon, arranging the items by abstract numbers or lot and block numbers and compiling the delinquent tax record herein required to be compiled whenever there shall be as many as two years of back taxes that have not been included in the delinquent record, the tax collector shall be paid out of the general fund of the county, five cents for each written line of the original of such delinquent record, not to exceed twenty-five cents for any one tract or abstract rendered, returned delinquent and owned by one taxpayer; such fee to be taxed as costs, and to be paid back into the general fund of the county when collected. For the collection of delinquent taxes on real estate and for performing all duties relating to such taxes for which no compensation is otherwise provided, the tax collector shall receive five per cent of all delinquent taxes collected by him."

Article 7343, Vernon's Annotated Civil Statutes, reads in part as follows:

" * * *

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts insofar as such laws are applicable."

Honorable Ralph Logan, Page 3

It is our opinion that the tax assessor and collector of an independent school district is required to perform the duties of Article 7331, supra, when said statute is invoked by the board of trustees of the independent school district, insofar as the same are applicable to such a school district.

Your second question relates to the compensation provisions of Article 7331, supra. This department ruled in opinion No. O-2727 that the tax assessor and collector of an independent school district was entitled to collect the one dollar fee as provided in said Article. A copy of said opinion is enclosed. For the same reason as expressed in the above opinion, we are of the opinion that the tax assessor and collector of an independent school district is entitled to the compensation provided in said Article for compiling the delinquent tax roll, etc. However, he would be paid from school funds rather than from any county funds. He is also entitled to five per cent of all delinquent taxes collected by him as compensation for the collection of delinquent taxes and for performing all duties relating to such taxes for which no compensation is otherwise provided.

In answering your third question, we quote from Article 2791, Vernon's Annotated Civil Statutes, as follows:

"The district tax assessor and collector shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the city marshall of incorporated towns or villages, and he shall receive such compensation for his services as the board of trustees may allow, except in cities and towns provided for, not to exceed four per cent of the whole amount of taxes received by him. * * * * It shall be within the discretion of the board of trustees of any independent school district to name an assessor of taxes who shall assess the taxable property within the limits of the independent school district within the time and in the manner provided by existing laws, in so far as they are applicable, and when said assessment has been equalized by a board of equalization appointed by the board of trustees for that purpose, shall prepare the tax rolls of said district and shall

duly sign and certify same to the county tax collector as provided for in the succeeding article. The said assessor of taxes shall receive a fee of two per cent of the whole amount of taxes assessed by him as shown by the completed certified tax rolls."

We restate that we assume that the office of tax assessor and collector is one office and is occupied by the same person. If this be true, his compensation for assessing and collecting taxes as well as all duties pertaining thereto is provided for in Article 7331, supra, and in the first sentence of Article 2791, supra. However, if the taxes are assessed by a special assessor of the independent school district, but collected by the county tax collector, then it would appear that the last two sentences of Article 2791, supra, would control as to the amount of compensation the assessor shall receive. The last sentence of said Article provides that "the said assessor of taxes shall receive a fee of two per cent of the whole amount of taxes assessed by him as shown by the completed certified tax rolls." (Underscoring ours) We are of the opinion that the compensation is due and payable to the tax assessor when and after the tax rolls have been equalized by a board of equalization and when and after the tax rolls have been duly signed and certified thereto and after being approved by the board of trustees.

We trust that we have satisfactorily answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 12, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Lee Shoptaw

Lee Shoptaw
Assistant

LS:ej
Encl.


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN